UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**SHELBY MORGAN, ET AL**                                    **CIVIL ACTION**

**VERSUS**                                                  **NO. 21-2008**

**AUSTIN WEST, ET AL**                                      **SECTION "B"(2)**

<u>**ORDER AND REASONS**</u>

Before the Court are defendants Austin West, Jett Solutions, LLC, and Continental Insurance Companies' notice of removal (Rec. Doc. 1), plaintiffs Shelby Morgan, D. Parent, P. Parent, M. Parent, B. Parent, and Z. Karnitz's motion to remand (Rec. Doc. 7), and defendants' memorandum in opposition to plaintiffs' motion to remand (Rec. Doc. 8).

For the following reasons,

**IT IS HEREBY ORDERED** that the motion to remand (Rec. Doc. 7) is **DENIED**.

**I.    <u>FACTS AND PROCEDURAL HISTORY</u>**

On or about June 3, 2021, plaintiffs Shelby Morgan ("Morgan"), D. Parent, P. Parent, M. Parent, B. Parent, and Z. Karnitz (collectively "plaintiffs") filed suit against defendants Austin West ("West"), Jett Solutions, LLC, and Continental Insurance Companies (collectively "defendants"), in the 21st Judicial District Court for the Parish of Tangipahoa for damages sustained in a motor vehicle accident on June 5, 2020. At approximately 3:00 p.m., plaintiffs allege that Morgan was driving her vehicle in an

1

easterly direction on W Pine Street in Ponchatoula, Louisiana when defendant West attempted to make a left turn onto W Pine without first yielding to oncoming traffic. According to plaintiffs, West pulled in front of Morgan's vehicle and caused the collision. Plaintiffs assert that because West was acting within the course and scope of his employment at the time of the accident, his employer Jett Solutions, LLC, is vicariously liable for plaintiffs' injuries. Likewise, plaintiffs allege that Continental Insurance Companies is also responsible for plaintiffs' damages as the insurer.

Plaintiffs seek damages for past and future pain and suffering, past and future medical expenses, past and future mental and emotional distress. On or about August 18, 2021 defendants propounded discovery requests to plaintiffs, inquiring about the amount of damages plaintiffs sought. Rec. Doc. 8. On or about October 14, 2021 plaintiffs response indicated the amount in controversy exceeded $75,000. Id.  On November 2, 2021 defendants removed the action to this Court. Rec. Doc. 1.

Plaintiffs moves to remand this action to state court. Rec. Doc. 7. Plaintiffs agree that the amount in controversy exceeds the $75,000 threshold for removal. *See id.* However, they assert removal was untimely. *Id.*

II.  **LAW AND ANALYSIS**

**A. REMOVAL STANDARD**

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The "removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists." *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, and there must be complete diversity of citizenship between plaintiffs and defendants. *See* 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). In assessing whether removal is appropriate, the Court is guided by the principle, grounded in the notion of comity, that removal statutes should be strictly construed. *See Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002) ("Any ambiguities are construed against removal."); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941) ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute [on removal] has defined.").

To remove a case, a defendant must file a notice of removal within thirty days of service on the defendant. 28 U.S.C. § 1446(a)-(b). All defendants who have been "properly joined and served" must either join in or consent to the removal. 28 U.S.C.

§ 1446(b)(2)(A). But in cases that are not initially removable, a defendant may, in some circumstances, remove the case to federal court within thirty days of "receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). To trigger this rule, "the information giving notice of removal must be contained in a writing," and the defendant must receive a copy of that writing. *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 609 (5th Cir. 2018). The information contained in that writing must provide an "unequivocally clear and certain" basis for removal. *Id.* The writing does not need to be filed with a court to allow removal, but it "must result from the voluntary act of a plaintiff." *Wheeler v. Nevil*, No. CV 21-1521, 2021 WL 5036081 (E.D. La. Oct. 30, 2021) (citing *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 761-62 (5th Cir. 2000)). Lacking such a writing, the defendant's personal knowledge that a case has become removable is insufficient. *Morgan*, 879 F.3d at 609.

### B. THE TIMELINESS OF DEFENDANTS' REMOVAL

The central issue in this dispute is the point at which Plaintiffs' case became removable, thereby triggering the thirty-day period for removal. Plaintiffs contend that the case was removable upon service of the original petition on June 16, 2021. Defendants contend that the case became removable on October 14,

2021, when plaintiffs' discovery responses indicated the amount in controversy exceeded $75,000.

Section 1446(b) calls for the application of a two-step test for determining whether a defendant timely removed a case. First, the Court must determine whether the case could be removed based on the initial pleading under § 1446(b)(1). Second, if the initial pleading does not "affirmatively reveal on its face" that the amount in controversy exceeds $75,000, the defendant may remove the case within thirty days of receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

i. Plaintiffs' Original Petition

In our seminal case on timeliness disputes, *Chapman v. Powermatic, Inc.*, 969 F.2d 160 (5th Cir.1992), the Fifth Circuit specifically declined to adopt a "due diligence" standard which would require defendants to "ascertain[ ] from the circumstance[s] and the initial pleading that the [plaintiff] was seeking damages in excess of the minimum jurisdictional amount." More importantly, the Court laid out a "bright line rule requiring the plaintiff, if he wishes the thirty-day time period to run from the defendant's receipt of the initial pleading, to place in the initial pleading **a specific allegation that damages are in excess of the federal jurisdictional amount.**" *Id.* (emphasis added). Such a statement

5

would put defendants on notice that the removal period had been triggered, while not running afoul of state laws that prohibit pleading unliquidated damage amounts. *See Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392 (5th Cir. 2013).

The bright line rule coined in *Chapman* has also been consistently applied in cases throughout this jurisdiction. For example, in *Manieri v. CR England, Inc.*, this Court held that the plaintiff Linda Manieri's original petition failed to affirmatively reveal on its face that the plaintiff was seeking damages in excess of $75,000 as required to trigger the thirty day period of removal. No. CV 19-2805, 2019 WL 2022535 (E.D. La. May 8, 2019). In Manieri's petition, she alleged the following damages: "(1) past and future pain and suffering, (2) past and future mental anguish and anxiety, (3) past and future medical and rehabilitation expenses, (4) loss of enjoyment of life, and (5) property damage." *Id.* at *2. Upon review, this Court noted that such vague allegations were not enough to put the defendant on notice that the plaintiff was seeking more than $75,000 in damages. *Id.* Accordingly, the thirty day removal period was not triggered by plaintiff's filing of her original petition. *Id.*

Similarly, in *Tyler Harp v. Geico Casualty Company, et al.*, the Middle District court held plaintiff Denessa Hutchinson's petition for damages was not specific enough to put the defendant Geico on notice that the matter was removable. No. CV 21-236-SDJ,

6

2021 WL 5782749, *2 (M.D. La. Dec. 7, 2021). The Court cited the Fifth Circuit's bright line rule established in *Chapman* and found that because the plaintiff's pleading did not contain such a specific allegation that damages were in excess of the federal jurisdictional amount, plaintiff's petition failed to trigger the thirty day period for removing an action. *Id.*

Here, plaintiffs' petition for damages does not contain a specific allegation that damages are in excess of the federal jurisdictional amount. *See* Rec. Doc. 1-3 (Petition). Instead, like the plaintiff in *Manieri*, plaintiffs merely pled general damage categories such as: (1) damages for past and future pain and suffering; (2) recovery of medical expenses; and (3) damages for emotional distress. *Id.* at 4-5. Accordingly, the Court is of the opinion that Plaintiff's Petition did not trigger the thirty-day time limit for removal set forth in § 1446(b). *Hutchinson v. Gov't Emps. Ins. Co.*, No. CV 20-2775, 2021 WL 363616 (E.D. La. Feb. 3, 2021) (holding the thirty-day period for removing the action was not triggered by service of the pleading given the pleading did not contain a specific allegation that damages were more than the federal jurisdictional amount).

    ii.   <u>Plaintiffs' Discovery Responses</u>

A response to a discovery request may constitute an "other paper from which it may first be ascertained that the case is one which is or has become removable," thus triggering the thirty day period of removability under § 1446(b). *See Chapman*, 969 F.2d at 164 (interrogatory answer is an "other paper"). *See also Addo v. Globe Life and Accident Ins. Co.*, 230 F.3d 759, 761 (5th Cir.2000) (post-complaint demand letter is an "other paper"); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir.1996) (a transcript of deposition testimony is an "other paper"). Therefore, if the responses contained information sufficient to inform defendants that plaintiffs sought damages in excess of the minimum diversity jurisdictional amount, then the case was removable at the time defendants were served with the responses.

The Fifth Circuit has held that the "other paper" from which removability may be ascertained "requires a voluntary act by the plaintiff." *S.W.S. Erectors*, 72 F.3d at 494. Judges in this district have frequently held that interrogatory responses can trigger the thirty-day period for removal. *See Hutchinson v. Gov't Emps. Ins. Co.,* No. CV 20-2775, 2021 WL 363616 (E.D. La. Feb. 3, 2021) (holding Geico's notice of removal was timely given it removed the action within thirty days of receiving discovery responses, which included information inferring the case was removable); *Leboeuf v. Texaco*, 9 F. Supp. 2d 661, 664 (E.D. La. 1998) (holding that plaintiffs' interrogatory response raised an

8

issue of federal law sufficient to trigger the thirty-day period for removal); *Freeman v. Witco, Corp.*, 984 F. Supp. 443, 447 (E.D. La. 1997) (holding that plaintiff's response to defendants' request for admission constituted "other paper under § 1446(b)"). Furthermore, a written interrogatory response by plaintiffs that their damages exceed the jurisdictional amount is "unequivocally clear and certain" information. *See Pesch v. Progressive Nw. Ins. Co.*, No. CV 20-288-SDD-EWD, 2021 WL 1200889 (M.D. La. Feb. 23, 2021), *report and recommendation adopted*, No. CV 20-288-SDD-EWD, 2021 WL 1187078 (M.D. La. Mar. 29, 2021) (quoting *Williams*, 2019 WL 581517, at *3.)

The pertinent excerpts of plaintiffs' discovery responses state the following:

**INTERROGATORY NO. 14**

Please state the amount of medical expenses which you allege to have incurred as a result of the accident in question.

**ANSWER TO INTERROGATORY NO. 14**

Dalton Parent's Medical Expenses: $1,709.82

Peyton Parent's Medical Expenses: $1,709.82

Shelby Morgan's Medical Expenses: $16,767.19

Zayden Karmitz's Medical Expenses: $149,228.36

Rec. Doc. 8-2 (Interrogatory Requests and Responses).

The foregoing responses indicated medical damages alone exceeded the minimum diversity jurisdictional amount of $75,000.

Accordingly, the case became removable when defendants were served with the responses on October 14, 2021. Because the Notice of Removal was filed on November 2, 2021, within the thirty-day window, removal was timely.

New Orleans, Louisiana this 21st day of December 2021

_____
SENIOR UNITED STATES DISTRICT JUDGE

10